1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON LOKERSON,                          No.  2:23-cv-2114 CKD P

12                   Plaintiff,

13       v.                                   ORDER AND

14   WARDEN, HIGH DESERT STATE                FINDINGS AND RECOMMENDATIONS
     PRISON, et al.,
15

16                   Defendants.

17

18         Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

19   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1).  On October 17, 2023, the court screened plaintiff's complaint as the court is required

21   to do under 28 U.S.C. § 1915A(a).  Plaintiff's complaint was dismissed with leave to amend.

22   Plaintiff has now filed an amended complaint.

23         Again, the court is required to screen complaints brought by prisoners seeking relief

24   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

25   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

26   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

27   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

28   U.S.C. § 1915A(b)(1), (2).

1

1   As in his original complaint, plaintiff complains about the confiscation of a poster

2   plaintiff's brother attempted to mail plaintiff.  Initially, plaintiff was denied the poster by

3   defendant Moseley as defendant Moseley found that the poster violated prisons regulations as to

4   the permissible size of posters.  Plaintiff utilized the inmate grievance process to appeal that

5   decision, and the appeal was granted by defendant Moseley.  Defendant Moseley ordered that

6   "appropriate staff" either give the poster to plaintiff or that he be given another valid reason why

7   plaintiff could not possess the poster.  Plaintiff never received his poster nor an updated decision

8   as to why plaintiff could not possess the poster.  Plaintiff asserts violations of his right to free

9   speech under the First Amendment and his right not to be deprived of property without due

10   process of law as guaranteed under the Fourteenth Amendment.

11   As for the First Amendment, while it appears the initial reason plaintiff was denied his

12   poster may have implicated plaintiff's First Amendment rights, the reversal of the initial decision

13   removed any potential First Amendment violation.

14   If plaintiff has any federal claim at all, it could only be deprivation of property without

15   due process.  However, as plaintiff already knows, "an unauthorized intentional deprivation of

16   property by a state employee does not constitute a violation of the procedural requirements of the

17   Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

18   loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  The California Legislature has

19   provided such a remedy by permitting tort claims against public officials under California

20   Government Code § 900, et seq.

21   For these reasons, plaintiff's complaint fails to state a claim upon which relief can be

22   granted.  The court will not grant leave to file a second amended complaint as it does not appear

23   that any factual expansion or clarification would result in plaintiff stating a claim upon which he

24   could proceed.

25   In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court

26   assign a district court judge to this case.

27   IT IS HEREBY RECOMMENDED that:

28   1.  Plaintiff's amended complaint be dismissed for failure to state a claim upon which

2

relief can be granted; and

     2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 5, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
loke2114.frs

3